```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

|  |  |
|---|---|
| **MICHAEL ESPOSITO,** | \* |
| Plaintiff, | \* |
| v. | \* CIVIL ACTION NO. 1:24-0266-KD-B |
| **ORANGE BEACH POLICE, and KIMBERLEY NEUNER,** | \* |
| Defendants. | \* |

**ORDER**

This action is before the Court on review. Plaintiff Michael Esposito initiated this action with the filing of his *pro se* complaint and motion to proceed without prepayment of fees. (Docs. 1, 2). This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration, Mr. Esposito's motion is **DENIED**.

**I.   Background**

A review of Mr. Esposito's motion to proceed without prepayment of fees (Doc. 2) reveals that he is married and has four dependents for whom he contributes $1000 monthly for their support. (Id. at 1). Mr. Esposito avers that he is employed earning $1,200 per month, and that he receives $1300 per month in Supplemental Security Income benefits. (Id. at 1-3). According to Mr. Esposito, he owns a condo valued at $300,000 (with $130,000

owed), and a vehicle valued at $20,000 (with $15,000 owed). (Id. at 2). Mr. Esposito avers that his monthly financial obligations total $1700 and that he has $16,000 in a joint bank account with his spouse. (Id.).

## II.  Discussion

Section 1915 provides, in relevant part, for the prepayment of fees and costs as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  Pursuant to 28 U.S.C. § 1915, indigent persons are afforded equal access to the judicial system through the in forma pauperis statute. Attwood v. Singletary, 105 F.3d 610, 612-613 (11th Cir. 1997).  This statutorily-created opportunity to proceed as an indigent in civil cases is not considered a right, but a privilege, Rivera v. Allin, 144 F.3d 719, 724 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 204 n.2 (2007), and as such, it should not be viewed as "a broad highway into the federal courts." Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (citation omitted).

Thus, "[a] trial court has broad discretion in denying an application to proceed in forma pauperis under 28 U.S.C.A. § 1915, [but it] must not act arbitrarily and it may not deny the application on erroneous grounds." Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983).

Where it appears that an applicant's access to court has not been blocked by his or her financial condition, but that he or she is merely in the position of having to weigh the financial constraints imposed if he or she pursues her position against the merits of the case, then a court properly exercises its discretion in denying the application. Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002). When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976) (citation omitted). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 1948).

The undersigned finds, based upon the financial information submitted by Mr. Esposito, that he has adequate resources with which to pay the required filing fee. As noted *supra*, Mr. Esposito

3

reports that he has $750 in disposable income after meeting his monthly financial obligations, in addition to $16,000 in a joint checking account. He possesses the financial resources with which to pay the statutory filing fee. In other words, it does not appear that requiring Mr. Esposito to pay the statutory filing fee would deprive him of the basic necessities of life. For these reasons, the undersigned finds as follows:

1.  Mr. Esposito's motion to proceed without prepayment of fees (Doc. 2) is hereby **DENIED;**

2.  Mr. Esposito is hereby **ORDERED** to pay the **$405.00** statutory filing fee by **September 30, 2024.**

Mr. Esposito is **cautioned** that failure to comply with this Order by failing to pay the statutory filing fee within the prescribed time will result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's Order.

**DONE** this **16th** day of **September, 2024.**

                                          /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**