IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ESPOSITO,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 24-00266-KD-B |
| | * |
| **KIMBERLEY NEUNER,** | * |
| | * |
| Defendant. | * |

### ORDER

This action is before the Court on review of Plaintiff Michael Esposito's amended complaint (Doc. 8). Upon consideration, the Court finds that Plaintiff's amended complaint fails to provide adequate notice of the claim being asserted and the grounds upon which it rests. It is therefore necessary for Plaintiff to file a second amended complaint that complies with federal pleading standards and provides fair notice of his claim.

**I.   BACKGROUND**

On August 1, 2024, Plaintiff Michael Esposito ("Esposito"), who is proceeding without an attorney, commenced this action by filing a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2).[1]

---

[1] The Court denied Esposito's motion to proceed without prepayment of fees and ordered him to pay the filing fee. (Doc. 5). Esposito paid the $405.00 filing and administrative fees for a civil action on September 23, 2024. (Doc. 6).

In his initial complaint,[2] Esposito named as defendants the Orange Beach Police Department ("OBPD") and OBPD Officer Kimberley Neuner ("Officer Neuner"). (Doc. 1 at 2). Esposito asserted that the Court had federal question jurisdiction because he was "being profiled – systemic profiling towards myself." (Id. at 3). When prompted to provide a short and plain statement of his claim, Esposito stated: "Please - I will lose my right to earn a living by driving a taxi cab in Orange Beach." (Id. at 4). In the section requesting the relief being sought, Esposito stated: "Within the last year I've been pulled over numerous about 8 times – I receive 3 tickets 1 warning and a few officers just asking me questions." (Id.). Esposito attached various documents including personnel complaints that he allegedly filed with the OBPD against Officer Neuner and the "Orange Beach Police Commission and Officers." (Doc. 1-1).

In an order dated September 26, 2024, the Court found that Esposito's initial complaint was deficient because it failed to set forth any valid basis for federal subject matter jurisdiction and failed to comply with the basic pleading standards for a complaint in federal court. (Doc. 7 at 2-8). In addition, the Court found that any claim asserted against the OBPD was subject

---

[2] Esposito utilized the form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for both his initial complaint and his amended complaint. (See Docs. 1, 8).

2

to dismissal because the OBPD is not a separate legal entity subject to suit. (Id. at 8-10).

Esposito's initial complaint was stricken, but the Court granted him leave to file an amended complaint that stated a valid basis for federal subject matter jurisdiction and addressed and corrected the noted pleading deficiencies. (Id. at 10). To assist Esposito in drafting a complying amended complaint, the Court informed him of the applicable pleading standards for a complaint in federal court, including what is required to properly allege jurisdiction, what is required to state a claim upon which relief can be granted, and the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. (Id. at 2-6, 10-11). The Court warned Esposito that if he filed an amended complaint that failed to address and correct the noted deficiencies in his original complaint, the undersigned would recommend that this action be dismissed. (Id. at 12). The undersigned directed the Clerk of Court to send Esposito a copy of this Court's Pro Se Litigant Handbook and encouraged Esposito to review the handbook carefully and utilize it in drafting his amended complaint, so as to avoid repetition of his pleading errors. (Id.).

In response to the Court's order, Esposito timely filed an amended complaint. (Doc. 8). In the amended complaint, Esposito names Officer Neuner as the sole defendant and alleges that the Court has federal question jurisdiction because he is bringing a

3

claim under 42 U.S.C. § 1983.  (Id. at 2-3).  When prompted to provide a short and plain statement of his claim, Esposito states: "I am being systematically profiled by the police officers employed by the Orange Beach Police Department."  (Id. at 4).  When prompted to state the relief he is requesting, Esposito states: "Lost ability to earn income - $350.000."  (Id.).

## II. DISCUSSION

As the Court previously informed Esposito, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (quotation omitted).  Each allegation in a complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Relatedly, Rule 10(b) mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to

4

the extent doing so "would promote clarity."  Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]"  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).  Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'"  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id. at 1323.  A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints.  Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006).[3]

---

[3] Although courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), this does not give a court license to act as counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).  A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

5

The Court has also informed Esposito that in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to plausibly suggest "that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); see 42 U.S.C. § 1983. A plaintiff asserting a claim under 42 U.S.C. § 1983 must show a causal connection between the defendant's actions, orders, customs, or policies and the alleged violation of the plaintiff's rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982).

Esposito's amended complaint fails to meet the basic pleading requirements set out above. As an initial matter, it is reasonably clear that Esposito is asserting a § 1983 claim against Officer Neuner based on his belief that he is "being systematically profiled by the police officers employed by the Orange Beach Police Department." (See Doc. 8 at 3-4). However, "[s]ince § 1983 confers no substantive rights, a plaintiff seeking relief under the statute must bring a § 1983 claim in conjunction with some other statute or constitutional provision that provides substantive rights." Samarco v. Neumann, 44 F. Supp. 2d 1276, 1284 (S.D. Fla. 1999). Esposito's amended complaint does not cite

6

to any statute or constitutional provision that provides substantive rights, nor does it specify which of Esposito's constitutional or federal statutory rights are claimed to have been violated. Thus, both the Court and Officer Neuner are left to speculate as to which of his constitutional or federal statutory rights Esposito believes Officer Neuner to have violated.

Additionally, Esposito fails to allege even a single fact to support his conclusion that he is "being systematically profiled" by Officer Neuner or other OBPD officers. Indeed, despite listing Officer Neuner as the sole defendant, Esposito's amended complaint does not identify a single act taken or not taken by that officer. As the Court has already explained to Esposito, a complaint "requires more than labels and conclusions," Twombly, 550 U.S. at 555, and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Accordingly, Esposito's amended complaint (Doc. 8) is **STRICKEN** because it violates the Federal Rules of Civil Procedure by failing to provide adequate notice of his claim(s) and their underlying factual grounds. Although dismissal of this action is justified based on Esposito's failure to file an amended complaint that complies with the Court's previous order, the undersigned will provide Esposito one final opportunity to amend his complaint in order to provide adequate notice of his claims and the factual

7

grounds on which they rest. Thus, Esposito is **GRANTED LEAVE** to file, on or before **January 3, 2025,** a second amended complaint that addresses and corrects the pleading deficiencies noted in this order and provides adequate notice of his claim(s) and their underlying factual grounds.

Esposito must plead his claims with sufficient specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure. This includes: (1) identifying his pleading as a second amended complaint; (2) identifying proper grounds for this Court's jurisdiction and alleging facts that show the existence of federal subject matter jurisdiction; (3) making clear which claim(s) for relief or cause(s) of action he is asserting against each defendant; (4) providing the specific factual grounds upon which each of his claims for relief or causes of action are based; (5) specifying the conduct that each defendant is alleged to have engaged in with respect to each claim for relief or cause of action asserted against that defendant; and (6) stating the relief he seeks. <u>To the extent Esposito is claiming that a defendant violated his constitutional or federal statutory rights, he must identify (1) the particular right(s) he alleges the defendant violated, (2) the constitutional or statutory basis for such right(s), and (3) the facts underlying his claim.</u>

The Court reiterates to Esposito that a complaint in federal court must contain sufficient factual matter to state a facially

8

plausible claim for relief. Ashcroft, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Esposito's second amended complaint will replace his prior complaint. Therefore, the second amended complaint shall not reference or seek to incorporate by reference Esposito's prior complaints. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Esposito is hereby **cautioned** that if he does not file a second amended complaint within the ordered time, or if he files a second

9

amended complaint that fails to fully address and correct the deficiencies in his first amended complaint that are described in this order, the undersigned will recommend that this action be dismissed. <u>There will be no further opportunities to amend in order to correct pleading deficiencies</u>.

**DONE** this **2nd** day of **December, 2024.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**
